IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH LEE JONES,**

                          **Petitioner,**

      v.                                                                               **CASE NO. 24-3156-JWL**

**BRIAN COLE, ET AL.[1],**

                          **Respondents.**

**MEMORANDUM AND ORDER**

On September 10, 2024, Petitioner Joseph Lee Jones began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for leave to proceed in forma pauperis. (Docs. 1 and 2.) At the time, Petitioner was detained in the Shawnee County Jail in Topeka, Kansas; he is now detained at the Douglas County Jail in Lawrence, Kansas. The same day, the Court issued a notice of deficiency (NOD) that advised Petitioner his motion was deficient because he had not complied with the requirement that he "submit a certificate executed by an authorized officer of the institution where he . . . is confined." (Doc. 3, p. 1.)

Petitioner had difficulty obtaining the required certificate from the Shawnee County Jail (*See* Doc. 4), but, as noted above, he is now detained at the Douglas County Jail. Petitioner has now filed in one of the other cases he has pending in this Court a resident account statement from the Douglas County Jail. *See Jones v. Armbrister, et al.*, Case No. 24-3172-JWL, Doc. 3, p. 2.

---

[1] Petitioner has named Brian Cole and the Shawnee County Jail as Respondents in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Jay Armbrister, the Sheriff of Douglas County, Kansas, where Petitioner currently is confined in the Douglas County Jail, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

Based on the information in that document, Petitioner's motion for leave to proceed in forma pauperis in this matter (Doc. 2) will be granted.

## Rule 4 Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

To obtain federal habeas corpus relief, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the execution of his state sentence via a § 2241 petition."). It may also be used to seek "to compel the State to bring [a pretrial detainee] to trial." *See Smith v. Crow*, 2022 WL 12165390, at *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893-94 (10th Cir. 1977),which was discussing

*Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973)).

The petition in this matter is difficult to understand. Petitioner has used the required, court-approved form for filing a petition under 28 U.S.C. § 2241, but he does not clearly indicate his asserted grounds for relief. Rather, at various points in the petition, he refers to a quitclaim deed, trademark usage, competency proceedings, the bitcoin market, and other topics. As Ground One, Petitioner states, "Attached is proof of surety," and as the supporting facts for Ground One, Petitioner states, "app. Developers this Quit claim deed to this land, assures that: 1. Tax paying citizens are in fact but also 2. HO [heart] hoe-house arrest. [*sic*]" (Doc. 1, p. 6.) As Ground Two, Petitioner states, "I couldn't possibly," and as the supporting facts for Ground Two, he states:

> Why on its face is bald. (a bald) lie. . . . . 1. That life being defined by ones own ability to not transcribe, (i.e. transhuman-ism) see the Christian Science based movie on the securustedn.net.app. on the jay-pay tablet provided to me by inmates with-in Z-module of the Shawnee County Jail in Topeka, Kansas at 501 S.e. 8th St 66607-1113. [*sic*]

*Id.*

As relief, Petitioner seeks his release and to be allowed to commit himself temporarily to Osawatomie State Hospital. *Id.* at 7, 9. Liberally construing the petition, he may also seek stimulant medication to treat his ADHD. *Id.* at 10.

**Analysis**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;

3

>    (4) be printed, typewritten, or legibly handwritten; and
>
>    (5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citing 28 U.S.C. § 2243). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citing Habeas Rule 5(b)). This requires the allegations to be clear enough that the respondent will be able to address them.

The petition in this matter fails to comply with Rule 2(c), leaving this Court unable to determine the precise claims Petitioner wishes to assert in this matter. The allegations in the petition relate to a broad scope of topics, do not clearly allege a constitutional violation, and do not clearly challenge the execution of a sentence or seek to compel the State to bring Petitioner to trial. In short, the Court is unable to discern the precise claims Petitioner intends to assert in this federal habeas matter because the petition fails to comply with the specificity requirements of Habeas Rule 2(c). The Court cannot determine from the petition now before it whether Petitioner has a claim that could entitle him to federal habeas relief, so it is unable to conduct a meaningful Rule 4 review.

**Amended Petition Required**

For the reasons explained above, the Court concludes that this matter cannot proceed unless Petitioner files a complete and proper amended petition on the required court-approved form. The Court will therefore grant Petitioner to and including **November 4, 2024** in which to file his amended petition. The Court will direct the clerk to provide Petitioner with the necessary forms

and instructions.

If Petitioner submits an amended petition, it must be on the court-approved forms and must be complete in and of itself. The amended petition may not refer back to the initially filed petition or attempt to incorporate by reference the initial petition or any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (24-3156) on the first page of the amended petition. If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition. If the amended petition fails to comply with Rule 2(c), this matter will be dismissed without prejudice and without further prior notice to Petitioner.

### Additional Pending Motions

On September 20, 2024, Petitioner filed in this matter 15 pages, which the Court has directed the clerk to file as a "motion for order." (Doc. 7.) Therein, Petitioner refers to "secret destroyers, or Anonymous Agents" who want to prevent him from fulfilling patents, trademarks, and copyrights; creating a transhumanist church; and paying taxes and receiving a tax rebate. *Id.* at 2, 7. He alleges that the tablet provided to him in jail for legal research is insufficient and prevents him from engaging in meaningful litigation with the Social Security Administration (SSA) and that he is unable to receive mail from the SSA or others. *Id.* at 4, 12. He refers to the European Union's parliament, the United States Postal Service's laser cameras, the Department of Justice, his academic accomplishments, his creations, the Kansas Consumer Protection Act, and many other topics. *Id.* at 5-11.

Liberally construed, Petitioner also appears to request file-stamped copies of "all of [his] recently filed civil rights suits and other writs." *Id.* at 3. He requests forms to file a petition for writ of mandamus directing the SSA to take certain actions. *Id.* at 10. Other requests appear throughout

the pages Petitioner has submitted, but they do so in letters Petitioner has written to others, so the Court will presume that they are not directed to this Court. *See id.* at 11-12.

This motion will be denied. To the extent that Petitioner seeks copies of documents he has filed in this Court, prepayment is required. For the exact cost of the copies, Petitioner should submit a written request addressed to the clerk's office, specifying the documents he desires, and the clerk will provide the total cost and further instructions. In addition, this Court does not provide form petitions for writ of mandamus.

Petitioner also filed what the Court has liberally construed as a motion to reopen what he refers to as "the patent cases." (Doc. 8, p. 1.) Pursuant to Petitioner's request, the motion was filed in this case, in Case No. 15-3098-JWL, and in Case No. 21-4021-KHV-ADM. The motion was denied in Case No. 15-3098-JWL and is pending in Case No. 21-4021-KHV-ADM. It will be denied in this case because, simply put, it has been and will be ruled on in the cases Petitioner seeks to reopen. Thus, consideration of the motion in this case is procedurally improper and unnecessarily duplicative.

**IT IS THEREFORE ORDERED** that Jay Armbrister, Sheriff of Douglas County, Kansas, where Petitioner is confined in the Douglas County Jail, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that the motion for order (Doc. 7) and the motion to reopen (Doc. 8) are **denied**.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **November 4,**

**2024**, in which to file an amended petition that clearly states his asserted grounds for relief. If Petitioner fails to timely file an amended petition that does so, this matter will be dismissed without prejudice and without further prior notice to Petitioner. The clerk is directed to provide the appropriate form to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 3rd day of October, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge