IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

                Petitioner,

     v.                                                             CASE NO. 24-3156-JWL

(FNU) PADILLA,

                Respondent.

**MEMORANDUM AND ORDER**

On September 10, 2024, Petitioner Joseph Lee Jones began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. (Doc. 1.) Petitioner proceeds pro se and in forma pauperis. On October 3, 2024, the Court issued a memorandum and order (M&O) noting that Rule 4 of the Rules Governing § 2254[1] Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." (Doc. 10, p. 2.) The M&O further explained:

> The petition in this matter fails to comply with Rule 2(c) [of the Rules Governing Section 2254 Cases in the United States District Courts], leaving this Court unable to determine the precise claims Petitioner wishes to assert in this matter. The allegations in the petition relate to a broad scope of topics, do not clearly allege a constitutional violation, and do not clearly challenge the execution of a sentence or seek to compel the State to bring Petitioner to trial. In short, the Court is unable to discern the precise claims Petitioner intends to assert in this federal habeas matter because the petition fails to comply with the specificity requirements of Habeas Rule 2(c). The Court cannot determine from the petition now before it whether Petitioner has a claim that could entitle him to federal habeas relief, so it is unable to conduct a meaningful Rule 4 review.

---

[1] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

1

(Doc. 10, p. 4.)

In the M&O, the Court granted Petitioner time in which to submit an amended petition that complies with Rule 2(c) and cautioned him that "[i]f the amended petition fails to comply with Rule 2(c), this matter will be dismissed without prejudice and without further prior notice to Petitioner." *Id.* at 5. On October 15, 2024, the Court received from Petitioner an amended petition for writ of habeas corpus to file under this case number.[2] (Doc. 14.) As Ground One of the amended petition, Petitioner has written: "1st." *Id.* at 4. In the space for setting forth the facts in support of Ground One, Petitioner states: "I am barred by 3-strikes, so I can't receive time-ly court process. Nor can my bank draft a payment meth-od this court has the capacity to know what it is doing or has done." *Id.* (capitalization normalized, all other errors in original).

As Ground Two, he has written only the phrase "patent pending status" in the space designated for supporting facts. *Id.* at 5. As Ground Three, Petitioner alleges the violation of his Fifth Amendment rights, but as supporting facts, he has written only the phrase "c[u]stodial inter[ro]gation rights." *Id.* at 7. Ground Four alleges the violation of Petitioner's Sixth Amendment right to due process, but as supporting facts, Petitioner states: "oF law practiced, ALL Law come-ing from your own law, a fractal patent [*sic*]." *Id.* at 8. He has left blank the space for stating the relief requested. *Id.* at 13.

The Tenth Circuit has recognized that in the federal habeas context, "it is well established that the district court may dismiss summarily a petition on the merits when no claim for relief is stated." *Whitmore v. Parker*, 484 Fed. Appx. 227, 232 (10th Cir. 2012) (unpublished) (quoting *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990)) (internal brackets and quotation marks

---

[2] Although the amended petition is on the form for seeking relief under 28 U.S.C. § 2254, the Court has liberally construed it and concludes that it is unnecessary to send Petitioner the appropriate form and allow him to resubmit. Rather, the Court will consider the information provided in the amended petition as if it were on the appropriate form.

omitted). In other words, Rule 4 authorizes this Court to "dismiss a petition if it 'plainly appears' from the petition and any exhibits that the petitioner is not entitled to relief." *Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010).

Like the initial petition, the amended petition in this matter fails to comply with Rule 2(c). It does not "(1) specify all the grounds for relief available to the petition; (2) state the facts supporting each ground; [or] (3) state the relief requested." (Doc. 10, p. 3 (quoting Rule 2(c)).) Thus, because it plainly appears that Petitioner is not entitled to federal habeas relief based on the information asserted in the amended petition, even when the amended petition is liberally construed, the Court will dismiss this matter under Rule 4. The currently pending motions (Docs. 11 and 12) will therefore be denied as moot.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed under Rule 4 because it plainly appears from the amended petition that Petitioner is not entitled to federal habeas relief in

this matter. The currently pending motions (Docs. 11 and 12) are therefore denied as moot. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 17th day of October, 2024, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge